IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02479-RM-KLM

WILMER MIRANDA,

Plaintiff,

v.

INTEGRITY SOLUTION SERVICES, INC., a Missouri corporation,

Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's oral Motion to Compel responses to

Interrogatories and a Request for Production of Documents.  The Court held a hearing on

the Motion on January 30, 2014.  For the reasons discussed below, the Motion is

**GRANTED**.

## I.  Background

Plaintiff brings this case under the Fair Debt Collections Practices Act, 15 U.S.C. §

1692, et seq. ("FDCPA").  At issue here is the scope of discovery under 15 U.S.C. §

1692k(b)(1), which lists factors to be considered by the court in awarding damages under

the FDCPA, including "the frequency and persistence of noncompliance by the debt

collector."

Plaintiff's Complaint asserts that in the course of attempting to collect a debt from

him, Defendant's employee or employees telephoned Plaintiff and made false

representations, including "that he had to pay the [debt] to get the [debt] off of the credit

bureau reports[,] that the [debt would] stay on the credit bureau reports until it [was] paid

[and] that [Plaintiff] had only 30 days to dispute the [debt] and that the time to dispute [it]

had come and gone."  *Complaint* [# 1][1] at 4.

The discovery requests at issue seek information and documents that Defendant

provided to the creditor and credit reporting bureaus about the debt.  Plaintiff argues that

the information is likely to lead to the discovery of admissible evidence about the frequency,

persistence and nature of Defendant's noncompliance with the statute.  Defendant asserts

that the information is not relevant, because "Plaintiff's Complaint alleges that Defendant

made false representations during the telephone conversation between the Defendant and

Plaintiff on December 6, 2012.[2]  Any reference to other actions taken by Defendant on

Plaintiff's account including any credit reporting of Plaintiff's account is irrelevant and not

alleged."  *Defendant's Responses to Plaintiff's First Set of Interrogatories,* attached as

Exhibit A, at 4-5.

## II.  Analysis

At its core, this dispute is about the frequently-litigated issue of whether the scope

of discovery can exceed the boundaries of the Complaint.  Can a plaintiff seek information

about facts not alleged in his complaint?  Courts frequently rely on the rule that "discovery

cannot serve as a fishing expedition through which plaintiff searches for evidence to

---

[1] [#1] is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Order.

[2] The Complaint does not refer to any particular date of the telephone conversation or conversations in dispute.

support facts he has not yet pleaded." *Giovanelli v. D. Simmons General Contracting*, Civ.

A. No. 09-1082 (NLH)(AMD), 2010 WL 988544 at *5 (March 15, 2010 D. N.J.) (citing *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 n.8 (2007)). In this case, the question is

complicated by the language of the FDCPA, which directs the court to consider whether

there are other instances of the debt collector's noncompliant behavior when determining

damages, regardless of the type of misbehavior specifically alleged. *See* 15 U.S.C. §

1692k(b)(1) ("In determining the amount of liability in any action under subsection (a) of this

section, the court *shall* consider, among other relevant factors . . . the frequency and

persistence of noncompliance by the debt collector . . . .") (emphasis added). The question

is also complicated by ample precedent prohibiting discovery "fishing expeditions," much

of which derives from concerns about plaintiffs who seek to bolster weak cases through

discovery of more, or worse, illegal conduct by the defendant. *See, e.g., Cuomo v. Clearing*

*House Ass'n, LLC*, 557 U.S. 519, 531 (2009) ("Judges are trusted to prevent 'fishing

expeditions' or an undirected rummaging through . . . records for evidence of some

unknown wrongdoing."). The oft-repeated general disapproval of such expeditions is easily

understood in the context of FDCPA cases, where actual damages are often difficult to

establish and statutory damages are limited to one thousand dollars. *See* 15 U.S.C. §

1692k(a)(2)(A).

However, some courts have recognized that the breadth of the federal discovery

rules trumps concerns about such "undirected rummaging through records." After all, the

United States Supreme Court has defined relevant information, for discovery purposes, to

include "any matter that bears on, or that *reasonably could lead to another matter that*

*could bear on*, any issue that is or *may be* in the case." *Hickman v. Taylor*, 329 U.S. 495,

501 (1947) (emphasis added).  By virtue of the language of the FDCPA, the issue of the frequency and persistence of a defendant's noncompliance with the FDCPA is present in every FDCPA case.[3]  Moreover, certain courts have explicitly considered and rejected the "fishing expedition" argument in FDCPA cases. *See, e.g., Patrick v. PHH Mortgage Corp.,* No. 3:12-cv-39, 2014 WL 296930 at \*5 (N. D. W. Va. Jan. 27, 2014) (overruling Defendant's objection to discovery ruling that disclosure of entire mortgage file in FDCPA case would result in a fishing expedition to find new instances of wrongdoing beyond the claims already alleged); *Boutvis v. Risk Mgmt Alternatives. Inc.*, No. 301CV1933 (DJS), 202 WL 971666 at \*1 (D. Conn. May 3, 2002) (allowing plaintiff to discover documents concerning defendant's practices under the FDCPA because subsequent practices were relevant to whether violations occurred after defendant had notice that its practices were actionable); *Yancey v. Hooten*, 180 F.R.D. 203, 208 (D. Conn. 1998) (granting plaintiff's motion to compel information about defendant's conduct as to other debtors in FDCPA case because "defendant offers no support for his interpretation of 15 U.S.C. § 1692k as referring to the debt collector's conduct toward a specific debtor, not to all debtors.")

Defendant offers no principled reason for limiting the meaning of section 1692k.  If the language relating to the "frequency and persistence of defendant's noncompliance" permits discovery into defendant's conduct towards other debtors, as the Court held in *Yancey*, there is no reason to hold that a debtor cannot discover information about the debt collector's other actions in collecting the very debt at issue in the Complaint.

---

[3]  The issue of whether a defendant's failure to pursue or waiver of a "bona fide error" defense eliminates the need for discovery about the frequency and persistence of defendant's noncompliance with the FDCPA is not before the Court, and I therefore express no opinion on that issue.

### III.  Conclusion

For the foregoing reasons, the Motion is **GRANTED.**  Defendant shall respond to

Plaintiff's Interrogatories Nos. 2, 3 and 4 and Request for Production of Documents No. 1

on or before February 28, 2014.

Dated:  February 10, 2014                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge